IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Claran Lundgren, ) | Case No.: 4:24-cv-04402-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND OPINION |
| Ashton Glenn H.O.A. c/o Wacammaw ) | |
| Management, and Bob Sauthoff, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("Report") (DE 24) of United States Magistrate Judge Kaymani D. West, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants Ashton Glenn H.O.A. c/o Wacammaw Management, and Bob Sauthoff's ("Defendants") motion to dismiss (DE 14) Plaintiff Claran Lundgren's Complaint (DE 1).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff Claran Lundgren ("Plaintiff" or "Lundgren") filed a pro se Complaint against the Ashton Glenn Homeowners Association, Inc. ("Ashton Glenn HOA") and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

its president, Bob Sauthoff, asserting claims under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended (42 U.S.C. § 3601 et seq.). (DE 1; DE 24, at 1–2.)

Plaintiff alleges that in April 2021, she purchased a home at 1622 Montclair Drive, Surfside Beach, South Carolina, and moved in with her minor child. (DE 1 at ¶ 1; DE 24 at 2.) She claims that during a September 2022 conversation about a requested change to the exterior of her property, she asked Defendant Sauthoff how she could sunbathe nude in her backyard and maintain privacy, to which Sauthoff allegedly replied, "make sure you call me," a remark he allegedly repeated three times, twice in front of her child. (DE 1, ¶ 1; DE 24 at 2.)

Plaintiff further contends that Sauthoff told her she was being harassed and retaliated against because her boyfriend was "loud." (DE 1, ¶ 1; DE 24 at 2.) She asserts that on May 1, 2023, Sauthoff denied her architectural application on the same day he responded to her protest about certain violations. (DE 1, ¶ 1; DE 24 at 2–3.)

Plaintiff alleges that she was issued multiple violations not supported by the governing HOA documents and that she was misled by Sauthoff. (DE 1, ¶¶ 1–3; DE 24 at 3.) She claims that during a May 2024 Surfside Beach Magistrate Court hearing, she raised concerns including unwelcome sexual comments, discrimination, harassment, retaliation, and selective enforcement, which she says were acknowledged by the HOA manager but later excluded from the hearing's audio recording and transcript. (DE 1, ¶ 3; DE 24 at 3.)

Plaintiff further asserts that HOA notices were improperly sent, often arriving after or on the date of the stated deadlines, depriving her of due process. (DE 1, ¶ 3; DE 24 at 3.) She contends that the HOA failed to follow proper enactment and enforcement procedures and selectively enforced rules against her while overlooking similar conduct by other residents or board members. (DE 1, ¶ 3; DE 24 at 3.)

As a result of these alleged actions, Plaintiff claims she has suffered emotional and physical distress, incurred medical bills, lost work time, and lost family time, and she alleges that she and her family have been unable to enjoy their property and have been suspended from using common areas. (DE 1, ¶¶ 3, 7; DE 24 at 3.)

In summary, the Magistrate Judge noted that Plaintiff's allegations focus on harassment, discrimination, retaliation, and selective enforcement by the HOA and its president, asserting claims under the Fair Housing Act and seeking related damages. (DE 24 at 3, 7, 14–15.)

## B. Report and Recommendation

On April 3, 2025, the Magistrate Judge recommended that Defendants' motion to dismiss be granted and that Plaintiff's *pro se* Complaint be dismissed under the doctrine of res judicata. (DE 24 at 18.) The Report explained that Plaintiff's claims under the Fair Housing Act are barred because they arise from the same operative facts and subject matter already litigated and decided in prior state court proceedings. (DE 24 at 14–16.)

Specifically, the Magistrate Judge found that there is an identity of parties between the state and federal actions, as Plaintiff previously sued Ashton Glenn HOA

3

and effectively raised claims against its president, Defendant Sauthoff, in his official capacity. (DE 24 at 11–12.) The Report also concluded that the subject matter in both actions is the same because Plaintiff's allegations — including claims of selective enforcement, harassment, retaliation, and emotional harm — stem from the same HOA fine disputes and enforcement practices previously adjudicated in state court. (DE 24 at 13–14.)

The Magistrate Judge further found that the state court rendered a final judgment on the merits, rejecting Plaintiff's claims regarding discriminatory or retaliatory fine enforcement. (DE 24 at 15–16.) Although Plaintiff argues she was not given a full opportunity in state court to litigate all her claims, the Report explains that under South Carolina law, res judicata applies not only to issues actually litigated but also to those that could have been raised in the prior proceeding. (DE 24 at 16.)

The Magistrate Judge also noted that even if the Fair Housing Act claims were not barred by res judicata, Plaintiff's factual allegations regarding personal comments made by Defendant Sauthoff fail to state a claim under the Act, as they do not plausibly allege discrimination in the terms or conditions of housing or the provision of related services. (DE 24 at 16 n.6.) Plaintiff objected to the Report on April 22, 2025. (DE 27.)

   **C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to

further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation to dismiss her case under the doctrine of res judicata. (DE 27 at 1–3.) She argues that her federal Fair Housing Act claims were not and could not have been fully litigated in the prior state court proceedings, which she contends focused narrowly on HOA fines and procedural violations. (DE 27 at 4–7, 12–14.) Plaintiff asserts that the state magistrate court judge explicitly refused to hear her broader claims regarding harassment, discrimination, retaliation, and selective enforcement. (DE 27 at 5–6, 19–21.)

Plaintiff further contends that she only became aware of additional issues, such as spoliation of evidence and fraud upon the court, after receiving the state appellate decisions, which she believes undermines the preclusive effect of the prior rulings. (DE 27 at 14–15, 25–27.) She maintains that these issues were not part of

the state court case and, therefore, cannot be barred by res judicata. (DE 27 at 15–16, 28–29.)

Additionally, Plaintiff challenges the Magistrate Judge's conclusion regarding privity of the parties, arguing that Defendant Bob Sauthoff was not individually named or adjudicated in the state action and should not benefit from the preclusive effect of the judgment. (DE 27 at 7–9, 32–34.) She asserts that the HOA's actions went beyond ordinary fine enforcement and involved a pattern of discriminatory and retaliatory conduct that warrants independent federal review. (DE 27 at 10–13, 35–37.)

The Court overrules these objections. The Magistrate Judge correctly concluded that Plaintiff's federal claims arise from the same operative facts and subject matter adjudicated in state court. (DE 24 at 14–16.) Under South Carolina law, res judicata bars not only claims actually litigated but also those that could have been raised in the prior action. While Plaintiff emphasizes that the state proceedings focused on fines, her filings in those cases — including her appeals — referenced harassment, discrimination, and selective enforcement, and she expressly signaled her intent to pursue related federal claims. (DE 27 at 12–14, 25–27; DE 24 at 12–15.)

The Magistrate Judge also properly determined that Defendant Sauthoff, as the HOA president acting within his official capacity, is in privity with the HOA and is thus covered by the preclusive effect. (DE 24 at 11–12; DE 27 at 7–9, 32–34.) Plaintiff's assertions about evidence spoliation or newly discovered facts do not overcome preclusion because the core facts underlying her federal claims were known

6

or available to her during the state proceedings and could have been raised at that time. (DE 24 at 15–16; DE 27 at 14–15, 28–29.)

Moreover, the Report correctly noted that even if res judicata did not apply, Plaintiff's factual allegations do not plausibly state a Fair Housing Act claim because they fail to show discrimination in the terms, conditions, or privileges of housing within the meaning of the statute. (DE 24 at 16 n.6.)

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 24) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants Ashton Glenn H.O.A. c/o Wacammaw Management, and Bob Sauthoff's motion to dismiss (DE 14) is **GRANTED**, and Plaintiff's Complaint (DE 1) is **DISMISSED**.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 2, 2025

**NOTICE OF RIGHT TO APPEAL** The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

7